983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert O. COLE, Defendant-Appellant.
 No. 91-30465.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1992.
Decided Dec. 30, 1992.
 
 Before WALLACE, Chief Judge, and SKOPIL and LEAVY, Circuit Judges.
 
 MEMORANDUM
 
 1
 Cole appeals from his conviction following a bench trial for manufacturing a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred in denying his motion to suppress evidence seized pursuant to an allegedly invalid search warrant and in failing to hold a hearing as required by Franks v. Delaware, 438 U.S. 154, 171-72 (1978). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Cole contends that the evidence contained in the affidavit supporting the search warrant was either irrelevant, misleading, or the fruit of an illegal search and therefore did not establish probable cause. We review the magistrate's determination of probable cause under the "substantial basis" standard. United States v. Dicesare, 765 F.2d 890, 896 (9th Cir.), amended, 777 F.2d 543 (9th Cir.1985) (Dicesare ). The existence of probable cause depends on the totality of the circumstances. United States v. Kerr, 876 F.2d 1440, 1444 (9th Cir.1989) (Kerr ).
 
 
 3
 We begin by considering the validity of the evidence contained in the affidavit submitted by Taylor to the magistrate. First, Cole argues that a totally anonymous informant cannot supply probable cause. Although the anonymous tip alone may not have established probable cause, the subsequent investigation conducted by the police provided ample corroboration that Cole had set up a marijuana grow operation on his property. See id. (probable cause established where anonymous tip of marijuana grow operation corroborated by subsequent police investigation).
 
 
 4
 Second, Cole contends that the public utility records cannot be considered as evidence of probable cause because the police violated state law in obtaining them. In addition, he argues that the records were speculative and of little probative value. Evidence obtained in violation of state law but in compliance with federal law is admissible in federal court regardless of whether it was uncovered by federal officials acting in concert with state officials or by state officials acting on their own. United States v. Chavez-Vernaza, 844 F.2d 1368, 1372-74 (9th Cir.1987). Cole does not argue that the records were obtained in violation of any federal constitutional or statutory provision. Thus, the records are admissible even if the police violated state law in obtaining them.
 
 
 5
 In his affidavit, Taylor gave a detailed description of the Cole's power consumption and stated that such consumption was consistent with that found in indoor marijuana cultivation operations. "Opinions and conclusions of an experienced agent regarding a set of facts are properly a factor in the probable cause equation." United States v. Motz, 936 F.2d 1021, 1024 (9th Cir.1991) (Motz ) (internal quotations omitted). This information was clearly relevant to a determination of probable cause. See Mills v. Graves, 930 F.2d 729, 732-33 (9th Cir.1991) (evidence of extremely high power bill one factor justifying issuance of warrant to search for marijuana grow operation).
 
 
 6
 Third, Cole contends that Taylor and Phillips trespassed onto the curtilage of his home in order to obtain a thermal imager reading. He thus argues that the fruit of this warrantless search--their statements that while they were on Cole's property they smelled marijuana and heard humming sounds consistent with a marijuana grow operation--should not be considered in the probable cause determination.
 
 
 7
 The protections of the Fourth Amendment extend to the curtilage of a home. United States v. Dunn, 480 U.S. 294, 300 (1987) (Dunn ). In Dunn, the Court identified four factors that should be considered when determining if a particular area is within the curtilage: (1) the proximity of the area to the home; (2) whether the area is included within an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) the steps taken by the resident to ensure privacy from passers-by. Id. at 301. The ultimate question, however, is "whether the area harbors the intimate activity associated with the sanctity of a man's home and the privacies of life." Id. at 300 (internal quotations omitted).
 
 
 8
 In this case, the metal outbuildings and the area immediately surrounding them were outside of the curtilage of Cole's home. The structures were located approximately 40 feet from Cole's residence. See United States v. Calabrese, 825 F.2d 1342, 1350 (9th Cir.1987) (holding that detached structure 50 feet from home not part of curtilage). Cole did not fence his property and the officers entered his property from an open pasture area. Finally, while taking the thermal reading of the outbuilding, the officers smelled marijuana and heard humming sounds consistent with the sounds of ballasts used to power halide lights. This "objective data indicating that [the outbuildings were] not being used for intimate activities of the home" is "especially significant." Dunn, 480 U.S. at 302. Taken together, these facts indicate that the search did not violate the Fourth Amendment and therefore the evidence obtained was properly included in the affidavit.
 
 
 9
 Fourth, Cole contends that the infrared inspection of his premises with the thermal imager constituted a warrantless search in violation of the Fourth Amendment. He further contends that, since Taylor's affidavit contained information obtained from the thermal imager, all products of the subsequent search must be suppressed. Cole misunderstands the nature of the inquiry. Even if the infrared inspection did violate the Fourth Amendment, only the information that was obtained from the use of the thermal imager would have to be excluded. Kerr, 876 F.2d at 1443.
 
 
 10
 We have not yet determined whether an warrantless infrared inspection violates the Fourth Amendment. Id. at 1444. We need not do so here, because we conclude that, even without the evidence obtained from the thermal imager, the magistrate had a substantial basis to determine probable cause. The evidence lawfully before the magistrate included the corroborated tip by the anonymous informer, the reports of increased power consumption at the suspected grow site, and the officers' observations of both the smell of marijuana and the sound of electrical equipment consistent with a grow operation. The smell of marijuana emanating from Cole's outbuildings is particularly incriminating. See id. These facts establish at least a fair probability that marijuana would be found on Cole's property. We therefore hold that the district court did not err in denying Cole's motion to suppress.
 
 
 11
 In addition, Cole alleges that the district court erred in denying his motion for a Franks hearing to determine whether the affidavit was based on false information or material omissions or misrepresentations. We review the denial of a Franks hearing de novo. Dicesare, 765 F.2d at 895.
 
 
 12
 To be entitled to a Franks hearing, Cole must make a substantial showing that the affidavit supporting the search warrant contained false statements and that those statements are necessary to support a finding of probable cause. Motz, 936 F.2d at 1023. Before a district court was required to hold a Franks hearing, Cole had to: (1) state specifically which portions of the warrant affidavit are allegedly false; (2) contend that the false statements or omission were deliberately or recklessly made; (3) submit a detailed offer of proof, including affidavits, along with the allegations; (4) challenge only the veracity of the affiant; and (5) demonstrate that the challenged statements are necessary to find probable cause. Dicesare, 765 F.2d at 894-95.
 
 
 13
 Cole points to two possible omissions: (1) Taylor's failure to disclose the unreliability of the thermal imager; and (2) his failure to disclose the fact that he and Phillips were trespassing at the time that they used the thermal imager and made their sensory observations. Neither of these two allegations justifies a Franks hearing. First, as we discussed above, the magistrate would have been justified in determining probable cause even without the evidence from the infrared investigation. Evidence on the unreliability of thermal imager readings was not necessary to a finding of probable cause and therefore did not mandate a Franks hearing. Second, whether an officer trespasses is only relevant to the extent that he invades the curtilage of the home. Because the officers in this case did not trespass on the curtilage of Cole's home, any potential omissions were not necessary to a finding of probable cause. Therefore, the district court did not err in denying Cole's motion.
 
 
 14
 AFFIRMED.